# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-873
### (Not to be published)

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |
| CARMEN CARREON,                   \* | Filed:  March 30, 2015 |
|                          \* | |
|         Petitioner,        \* | |
| v.                        \* | Petitioner's Motion for a Decision |
|                          \* | Dismissing the Petition; Vaccine Act |
| SECRETARY OF HEALTH  \* | Entitlement; Denial Without Hearing |
| AND HUMAN SERVICES,  \* | |
|                          \* | |
|        Respondent.       \* | |
|                          \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |

*Kristena Gordon*, Santa Maria, CA, for Petitioner.

*Adriana Teitel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE[1]

On September 19, 2014, Carmen Carreon filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she was injured as a result of her September 14, 2011 trivalent DTAP vaccination. *See* Pet. at 1-2 (ECF No. 1).

During a status conference in this case that was held on February 29, 2015, Petitioner's counsel indicated that she thought it likely that Petitioner would seek dismissal of this case based on a statute of limitation objection raised by Respondent. Order, dated Feb. 22, 2013, at 1 (ECF No. 17). The parties subsequently filed a joint status report stating that Petitioner intended to

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

withdrawal her vaccine claim on statute of limitations grounds. Joint Status Report (ECF No. 18). She has now done so. Pet'r's Mot. for a Decision Dismissing her Pet. (ECF No. 20).

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, no petition for compensation may be filed more than thirty-six months from "the first symptom or manifestation of onset or of the significant aggravation of such injury." § 300aa–16(a)(2). An examination of the record, however, does not uncover sufficient persuasive evidence establishing that the matter was filed in a timely fashion.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

    /s/ Brian H. Corcoran
    Brian H. Corcoran
    Special Master